The appellant, by his answer, admits the receipt of the money, but denies that it was received unlawfully, and by way of separate de-fenses alleges that the sum received by him was paid pursuant to a contract duly authorized by the directors, and further that the said contract was duly ratified by the stockholders of the Rubber Company, with full knowledge, at a general meeting. Incorporated in the answer, and appended thereto, and made part thereof by reference, are copies of certain documents and resolutions forming part of the rec-ords of the Rubber Company, and apparently serving to support the allegations of the separate defenses.

Upon appellant's motion, and upon the consent of plaintiff, an order was heretofore made requiring the plaintiff to reply to the new matter incorporated into defendant's answer, and consisting of separate defenses alleged therein. Into this order was inserted a provision that, for the purpose of enabling the plaintiff to make definite and certain her reply to said new matter, she should have an examination of the by-laws of the Rubber Company, the records of the corporate proceedings, and of the contracts, reports, and other writings referred to in said separate defenses.

It is not charged that any obstacle has been interposed to such examination by plaintiff, and yet she has seen fit to reply by denying, for lack of knowledge or information sufficient to form a belief, the existence of the contracts, resolutions, and the like set up by appellant in his separate defenses, and forming a part of the records of the Rubber Company, of which she was accorded the right of examination for the very purpose of avoiding an indefinite and uncertain reply.

This manner of pleading has frequently been condemned. Steinway v. Steinway, 74 Hun, 423, 26 N. Y. Supp. 657; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328. The plaintiff has knowledge, or the ready means of ascertaining, whether or not the contracts and resolutions pleaded by appellant were actually executed and adopted, and may not put their existence in issue by a denial of knowledge or information sufficient to form a belief. Of course, if she cannot deny their execution and existence, she is still at liberty to attack their validity or force in any way she sees fit.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted to the extent indicated, with $10 costs. Settle order on notice. All concur.

---

### GOLDWASSER v. JEWISH PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

LIBEL AND SLANDER (§ 6*)—PUBLICATIONS LIBELOUS PER SE.

    A newspaper article, stating that plaintiff's wife, the mother of seven children, committed suicide by jumping out of a window, owing to her weak and nervous condition, because of taking care alone of a house and seven children, and that for the past three years she had been weak and nervous, and had constantly complained that she could not alone dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge her domestic duties, is not libelous per se, in charging that plaintiff mistreated his wife, or failed to do his duty as a kind husband in furnishing her with necessary aid, thus indirectly causing her suicide, for there is no statement as to plaintiff's means, or that he failed in any duty within his power to perform.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

Appeal from Special Term, New York County.

Action by Max Goldwasser against the Jewish Press Publishing Company. From an order denying defendant's motion for judgment on the pleadings, it appeals. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles Dushkind, of New York City, for appellant.

Harold M. Phillips, of New York City, for respondent.

SCOTT, J. The plaintiff sues for damages for libel, based upon an article printed by the defendant to the effect that Ester Goldwasser, aged 39 years, the mother of seven children, had committed suicide by jumping out of a window. The article stated that the woman was nervous and weak, because of taking care alone of a house and seven children; that for the past three years she had been weak and fearfully nervous; and that she had constantly complained that she could not take care alone of the house and her children and an old mother and her husband.

Plaintiff was the husband of the woman referred to, and he claims that the article is libelous per se as to him, inasmuch as it charges by innuendo that he mistreated his wife, that he failed to furnish her with aid in the maintenance of a large family, that he had failed to do his duty as a kind and loving husband, and that he had been indirectly the cause of the suicide.

The article is not, in our opinion, capable of the meaning which plaintiff seeks to attribute to it. There is no mention of or reference to the plaintiff in the article. There is no statement as to his means, or charge that he failed in any duty within his power to perform. There are probably hundreds, and possibly thousands, of women in every large city who find the unavoidable burdens of life almost more than they can bear, although their husbands do all things possible, within their means, to lighten these burdens. The publication complained of does not charge plaintiff, or any one, either in direct terms or by fair inference, with having been guilty of any culpable neglect, or of having driven the woman to suicide by ill treatment.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes